UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| DAVID WAYNE BAILEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 16-343-JMH |
| ) | |
| V. ) | |
| ) | |
| ARAMARK CORPORATION, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court upon separate motions to dismiss the complaint filed by defendants Aramark Correctional Services, LLC ("Aramark") [R. 19]; Director of Food Services Randy Ingram [R. 32]; and nurses Stephanie Thompson and Jennifer Whelan [R. 25].[1]  These matters have been fully briefed and are ripe for decision.

**I**

Inmate David Wayne Bailey is currently confined at the Green River Correctional Complex in Central City, Kentucky. Bailey filed a pro se civil rights complaint pursuant to 42

---

[1] The remaining defendants – including Acting Warden Brad Adams; Commissioner Rodney Ballard; Nurse Brenda Beehler; Medical Director Denise Burkett; Deputy Warden Mendalyn Cochran; Ombudsman John Dunn; and Christy Jolly – have collectively filed an answer to the complaint [R. 26] in lieu of a dispositive motion.  The Court limits its discussion to addressing the allegations and claims against the moving defendants.

1

U.S.C. § 1983 asserting constitutional and state law claims based upon his allegation that the defendants, prison officials at the Northpoint Training Center ("NTC"), failed in 2016 to effectuate a medical order to provide him with a special diet to address food allergies. [R. 1]

Bailey alleges that on May 6, 2016, medical staff at NTC advised him that blood tests indicated that he would or might have a "chronic and acute reaction to beef and milk." On May 17th, Bailey filed a grievance asking that the kitchen be informed of his special dietary needs.

Although officials responded that they had done so, Bailey complained that "no menu [was] specifically designed for the plaintiff." In late July, NTC staff responded that a dietician's written diet plan was appropriate to address Bailey's food allergies. [R. 1-1 at 14] In response to an open records request in late August, NTC staff stated that while "[n]o menu exists which is specifically designed for you," that "a generic menu is issued by the state dietician in accordance with Aramark guidelines to address the needs of individuals with food allergies." [R. 1-1 at 2] Notwithstanding NTC's response, Aramark asserts that it did, in fact, create a specialized menu for Bailey after he filed his initial grievance. See [R. 32-13]

Bailey contends that the defendants were obligated to "identif[y] Casein Proteins or Wheys, or both as allergens"; to advise kitchen staff that kneaded breads and bakery foods contain allergens; and to provide him with "fortified calcium fruit drink." [R. 1 at 3-4] NTC officials stated that Bailey was receiving the calcium fortified beverage by early August. Bailey then filed grievances asserting that he had only received it on a few occasions; that he believed that it was not actually calcium fortified; and/or that it had "expired" because it was prepared three or more days before it was served to him. [R. 1-1 at 9, 15-16]

The balance of Bailey's allegations complain that officials responding to the inmate grievances he filed over the next several months did not adequately address his concerns. Bailey alleges that he suffers from cysts as an allergic reaction to foods he consumed that contained meat or dairy products, which is "embarrassing". [R. 1 at 5-7]

Bailey contends that defendants Aramark and Randy Ingram failed to create a menu specifically tailored to his needs, despite having done so for other inmates, in violation of his right to equal protection under the law as a "class of one" under the Fifth and Fourteenth Amendments. [R. 1 at 1, 7] Bailey further claims that the failure of Ingram and Thompson to

create a special menu for him constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment, and that Aramark violated the Eighth Amendment by "creat[ing] a policy or custom of using a generic menu that allowed for violations...". [R. 1 at 7, 8] Plaintiff asserts that defendants Thompson and Whelan violated the Eighth Amendment when they denied his inmate grievances. Finally, Bailey contends that the defendants' conduct constitutes the tort of "outrage" under Kentucky law.[2] [R. 1 at 8]

**II**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all well-pleaded facts in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because the plaintiff here is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly

---

[2] Bailey filed a first and second amended complaint regarding the conditions of his confinement at GRCC. [R. 6, 7] The Court severed those claims from this action, but ordered the existing defendants to be served with process to respond to Bailey's allegations regarding his treatment at NTC. [R. 9]

and reasonably inferred claims.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

A complaint must contain allegations, either expressly stated or necessarily inferred, with respect to every material element necessary to sustain a recovery under some viable legal theory.  *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013).  But the complaint must be dismissed if it undoubtedly fails to allege facts sufficient to state a facially-plausible claim.  *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012).  A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The sufficiency of the complaint is generally tested with reference only to the face of the complaint itself.  *Burns v. United States*, 542 F. App'x 461, 466 (6tgh Cir. 2013).  This includes documents incorporated into the complaint by reference.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  The Court may also consider "other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice."  *Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011).  If a

5

plaintiff refers to a document in her complaint and it is central to her claim, the document will be considered part of the pleadings even if the plaintiff does not attach it to her complaint if the defendant attaches it to the motion to dismiss. *Campbell v. Nationstar Mtg.*, 611 F. App'x 288 (6th Cir. 2015) (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)). See also *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011).

**A**

Aramark first notes that it is not responsible under 42 U.S.C. § 1983 for Ingram's actions merely because it employs him. [R. 19-1 at 5] That much is true. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("In a § 1983 suit or a *Bivens* action—where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer.").

Aramark next states that it cannot be liable at all because Bailey's complaint does "not include any allegation that an Aramark employee, including Ingram, acted or purposefully failed to act pursuant to some company policy or custom that caused Plaintiff harm." [R. 19-1 at 6] It does, actually, and quite clearly so. [R. 1 at 8, ¶47] Whether Bailey can prove that fact is another matter, but he certainly pled it.

Bailey purports to assert his equal protection claim against Aramark and its employee Ingram under the Fifth and Fourteenth Amendments. [R. 1 at 7, ¶42] Aramark notes that the Fifth Amendment applies to those acting under color of federal, not state, law. [R. 19-1 at 6-7] There is another, more fundamental defect in Bailey's claim: the Fifth Amendment contains no equal protection component at all.

Bailey's equal protection claim arises solely under the Fourteenth Amendment, which applies to those acting under color of state law. Although Aramark and Ingram are a non-public business and citizen, respectively, rather than a public entity or official, Aramark provides food services at the prison pursuant to a contract with KDOC, and hence both defendants are state actors for purposes of § 1983 with respect to their conduct under the contract. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996).

Nonetheless, Bailey fails to state an equal protection claim against either defendant. In order to bring a successful claim under a "class of one" theory, the plaintiff must allege that "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). Bailey alleges that inmate

Jensen was given an individualized diet plan while he was not, but alleges no facts (as opposed to mere conclusions) both that Jensen was similarly-situated to him in all material respects, and that the difference in treatment was without a rational basis. Bailey has therefore failed to adequately plead an equal protection claim against Aramark and its employee Ingram, and these claims must therefore be dismissed. *Clark v. Johnson*, 413 F. App'x 804, 817–18 (6th Cir. 2011).

**B**

Bailey's second claim asserts that Ingram and Aramark displayed deliberate indifference to his serious medical needs because they failed to create a customized menu for him alone that addressed his dietary restrictions. To state a claim for violation of the Eighth Amendment, an inmate must demonstrate two things: the deprivation of a sufficiently serious medical need (the objective component) and that the official acted with deliberate indifference to that need (the subjective component). *Farmer v. Brennan*, 511 U.S. 825, 834 (1970); *Phillips v. Roane Co., Tenn.*, 534 F. 3d 531, 539–40 (6th Cir. 2008).

An inmate's food allergies can present a sufficiently serious risk to the inmate's health in a variety of ways, such as where prison officials give the inmate unapproved food which causes a serious allergic reaction, or where only approved foods

8

are given but they fail to provide adequate nutrition. *Balcar v. Smith*, No. 3: 16-CV-P428-DJH, 2017 WL 380931, at *3 (W.D. Ky. Jan. 26, 2017). In this case, Bailey makes no claim that the "generic" menu provided to inmates with food allergies is nutritionally inadequate. Indeed, the specialized diet prepared by Aramark's dietician provides for numerous substitutes for the foods that would or might trigger an allergic reaction. [R. 32-13]

Instead, Bailey alleges that consuming kneaded breads and bakery foods can cause him to get a rash or for cysts to appear. [R. 1 at 4] First, where these items contain beef or dairy products - the only food products to which Bailey is allergic according to objective medical evidence - they are to be excluded from Bailey's diet and non-allergenic substitutes provided. [R. 32-13] The defendants have thus acted to avoid the physical symptoms about which Bailey is concerned. The facts alleged by Bailey therefore fail to indicate a subjective state of mind tantamount to deliberate indifference to his serious medical needs.

And even if Bailey might periodically consume a prohibited item, courts have held that symptoms similar to those he experiences are too *de minimis* to constitute a "sufficiently serious" medical need. Cf. *Sweeting v. Miller*, No. 7: 14CV187,

2015 WL 4773276, at *3 (W.D. Va. Aug. 12, 2015) (swollen tongue resulting from eating food to which plaintiff was allergic is insufficient to state Eighth Amendment claim); *Jackson v. Gordon*, No. 3:03-cv-1725, 2014 WL 690643, at *11 (M.D. Pa. Feb. 24, 2014); *Kemp v. Drago*, No. 1:12-1481-JFA-SVH, 2013 WL 4874972, at *9 (D.S.C. Sept. 11, 2013). Bailey's allegations are therefore insufficient to set forth either the required subjective or objective components of an Eighth Amendment claim.

C

The third claim asserted by Bailey against Aramark and Ingram is for the intentional infliction of emotional distress ("IIED"), known as the tort of outrage under Kentucky law. As a threshold matter, IIED is a "gap-filler" claim which is only available "where an actor's conduct amounts to the commission of one of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed." *Rigazzio v. Archdiocese of Louisville*, 853 S.W.2d 295, 298–99 (Ky. Ct. App. 1993). Where, as here, "[t]he constitutional tort of deliberate indifference and the tort of negligence are available to the plaintiffs in order to recover for [] emotional distress," *Shouse v. Daviess County*, No. 4:06-CV-144-M, 2009 WL 424978, at *9 (W.D. Ky. Feb.19, 2009), an IIED claim is not available and must be dismissed. See *Carter v.*

*Porter*, No. 08–246–JBC, 2008 WL 4911142, at *5 (E.D. Ky. Nov.12, 2008)).

Of course, "[t]he tort of outrage is still a permissible cause of action, despite the availability of more traditional torts, as long as the defendants solely intended to cause extreme emotional distress." *Green v. Floyd Co., Ky.*, 803 F.Supp.2d 652, 655 (E.D. Ky. 2011) (citing *Brewer v. Hillard*, 15 S.W.3d 1, 7–8 (Ky. App. 1999)). But where the plaintiff merely alleges that emotional distress resulted from the defendants' conduct, not that their sole purpose in engaging in that conduct was to inflict that distress, the allegations fall outside this narrow exception and fail to state a viable IIED claim. *Vidal v. Lexington-Fayette Urban Co. Gov't*, No. 5:13-CV-117-DCR, 2014 WL 4418113, at *9 (E.D. Ky. Sept. 8, 2014).

In addition, to state an IIED claim, the plaintiff must allege facts sufficient to show that: (1) the defendant's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable, in that it offends the generally accepted standards of decency and morality; (3) there was causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress was severe. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004).

Bailey's claim fails to satisfy at least the second and fourth elements. Taking Bailey's allegations at face value, the decision by NTC food service staff to rely upon a generic set of guidelines to address food allergies instead of formulating an individualized diet unique to him, even if it could be considered negligent, falls well short of constituting the kind of egregious and intentional misconduct that would offend general standards of basic human decency and morality. *Childers v. Geile*, 367 S.W.3d 576, 582 (Ky. 2012). And Bailey's allegation that he suffers distress from not knowing whether the food he is consuming contains allergens [R. 1 at 7] does not constitute the kind of "serious" or "severe" emotional injury required to state an IIED claim. *Osborne v. Keeney*, 399 S.W.3d 1, 17-18 (Ky. 2012). This claim must therefore be dismissed as well.

**D**

In response to Ingram's motion to dismiss, Bailey has filed a two-sentence motion requesting permission to file yet another amended complaint to "correct[] the defects raised by the defendant." [R. 35] But contrary to Bailey's statement in his motion, his response to Ingram's motion to dismiss does not explain what "defects" he seeks to correct or how the amended complaint he seeks to file will address them. And while Federal

Rule of Civil Procedure 15(a)(2) instructs Courts to "freely give leave [to amend] when justice so requires," that right is "not absolute or automatic." *Tucker v. Middleburg-Legacy Place*, LLC, 539 F.3d 545, 551 (6th Cir. 2008). A party requesting permission to file an amended complaint must attach a copy of the proposed amended complaint to his motion so that the Court can properly evaluate whether to permit it. *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 414 (6th Cir. 2014). Bailey's conclusory motion, filed in response to a dispositive motion and unaccompanied by a tendered amended complaint, will be denied.

**E**

Bailey contends in his complaint that nurses Thompson and Whelan violated the Eighth Amendment when they denied his inmate grievances requesting that an individualized menu be created for him. [R. 1 at 7-8] In their motion to dismiss, these defendants correctly note that any official capacity claims against them must be dismissed as barred by the Eleventh Amendment. An "official capacity" suit against a state employee or official is actually a suit against the state itself. The Eleventh Amendment specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico*

13

*Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *Cady v. Arenac Co.*, 574 F.3d 334, 342 (6th Cir. 2009). In addition, states, state agencies, and state officials sued in their official capacities for monetary damages are not considered "persons" within the meaning of 42 U.S.C. § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The Court must therefore dismiss all of the official capacity claims with prejudice.

Thompson and Whelan further note that each of them only responded to Bailey's inmate grievances requesting an individualized menu, but were not in any other way involved in the substance of the underlying decisions regarding that menu. [R. 25-1 at 3-4] Bailey does not allege otherwise, and his Eighth Amendment claims against Thompson and Whelan must therefore be dismissed. Cf. *Alder v. Corr. Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension."); *Martin v. Harvey*, 14 F. App'x 307, 309-10 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation").

Bailey's Eighth Amendment claim is also subject to dismissal for the same reasons stated in section II(B) above.

Bailey also asserts his IIED claim against Thompson and Whelan, but that claim must be dismissed for the reasons discussed in section II(C) above. Because other traditional torts cover the subject matter of Bailey's claim, the "gap-filler" tort of IIED is not available. *Shouse*, 2009 WL 424978, at *9. The actions alleged by Bailey do not constitute the kind of indecent and immoral misconduct to constitute outrageous behavior, and Bailey's "distress" is not the "serious" or "severe" emotional injury required to state an IIED claim. *Childers*, 367 S.W.3d at 582; *Osborne*, 399 S.W.3d at 17-18. This claim will therefore be dismissed.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff David Bailey's motion to file an amended complaint [R. 35] is **DENIED**.

2. Defendant Aramark Correctional Services, LLC's motion to dismiss the complaint [R. 19] is **GRANTED**, and the claims against it are **DISMISSED**.

3. Defendant Randy Ingram's motion to dismiss the complaint [R. 32] is **GRANTED**, and the claims against him are **DISMISSED**.

4. The motion to dismiss the complaint filed by defendants Stephanie Thompson and Jennifer Whelan [R. 25] is **GRANTED**, and the claims against them are **DISMISSED**.

This the 1st day of September, 2017.

Signed By:
*Joseph M. Hood* /s/
Senior U.S. District Judge